UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-20019-CIV-MARTINEZ/BECERRA

OLEG ZHUKOVSKIY, *et al.*,

    Plaintiffs,

v.

NATIONAL BANK OF UKRAINE,

    Defendant.
_____/

## OMNIBUS ORDER

**THIS CAUSE** came before the Court upon Defendant's Motion for a More Definite Statement, (ECF No. 33), and Defendant's Motion for Reconsideration of the Court's November 9, 2021 Scheduling Order, (ECF No. 43). This matter was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, for a Report and Recommendation ("R&R) on Defendant's Motion for a More Definite Statement. (ECF No. 41). Judge Becerra issued a report and recommendation on said Motion, recommending that the Motion be granted and that Plaintiffs be ordered to provide a more definite statement. (ECF No. 58). Plaintiffs' only objection to the R&R is the timing Judge Becerra recommended for Defendant to respond to the Second Amended Complaint. (ECF No. 60). For the reasons stated herein, the R&R is **AFFIRMED and ADOPTED in part**, and the Motion for Reconsideration is **GRANTED**.

Judge Becerra recommended that Plaintiffs file a Second Amended Complaint within fourteen days of the Court's order adopting the R&R, and that Defendant respond to the Second Amended Complaint within sixty days of the filing of the new complaint. (ECF No. 58 at 11). Plaintiffs object to this timeline because they argue that they will be prejudiced in their ability to

1

prepare their case by having to meet the deadlines set forth in the Court's Scheduling Order without Defendant having filed an answer or motion to dismiss, or having responded to any discovery requests. (*See* ECF No. 60 at 3–4). As further explained below, all pretrial deadlines in this case must be stayed, rendering Plaintiffs' objection moot. Nevertheless, the Court finds that forty five days is a more appropriate timeframe for Defendant to respond to the Second Amended Complaint and thus adopts the R&R in part.

Before the R&R was issued, but after the Motion for a More Definite Statement was filed, Defendant moved for reconsideration of the Court's November 9, 2021 Scheduling Order. Defendant argues that it should not be subjected to the burdens of litigation, including discovery, because it intends to assert sovereign immunity as a defense pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, *et seq.* (*See* ECF No. 43). Plaintiffs respond that to date Defendant has not asserted any defenses or moved to dismiss the Amended Complaint on the basis of FSIA immunity. (ECF No. 44 at 3). This technicality is of no consequence.

"Under the FSIA, foreign states and their agencies and/or instrumentalities are immune from suit in the United States *unless* an FSIA statutory exception applies." *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1312 (11th Cir. 2009). Immunity from suit entails a right to be free from the burdens of litigation, including discovery. *McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1339 (11th Cir. 2007); *Butler*, 579 F.3d 1312 (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000) ("FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation.")). Plaintiffs point the finger at Defendant for failing to file an answer or motion to dismiss when the delay was caused by their own failure to file a proper complaint in the first place. Defendant has asserted that it anticipates raising an FSIA defense and the purpose of FSIA immunity would be defeated if the

Court were to force Defendant to participate in discovery merely because they have not yet filed an answer or moved to dismiss the operative complaint. Accordingly, the pretrial deadlines in the Court's Scheduling Order, including all discovery deadlines, are stayed until the Court's determination of the FSIA defenses.

For the foregoing reasons, it is

**ADJUDGED** that United States Magistrate Judge Becerra's Report and Recommendation, (ECF No. 58), is **AFFIRMED and ADOPTED IN PART**. Accordingly, it is **ADJUDGED** that:

1. Defendant's Motion for a More Definite Statement, (ECF No. 33), is **GRANTED**.

2. Plaintiffs shall file their Second Amended Complaint **no later than March 8, 2022**. Defendants shall respond to the Second Amended Complaint **within forty five (45) days** of the filing of the Second Amended Complaint.

**IT IS FURTHER ORDERED AND ADJUDGED** that:

3. Defendant's Motion for Reconsideration, (ECF No. 43), is **GRANTED**. All pretrial deadlines are **STAYED** until the resolution of Defendant's FSIA defenses.

DONE and ORDERED in Chambers at Miami, Florida this 22nd day of February, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel of record
Magistrate Judge Becerra